PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
KELLY L. MORRISON, State Bar No. 216155
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(213) 894-2656 telephone
(213) 894-2603 facsimile
Email: Kelly.L.Morrison@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ALLAN MIRO,<br><br>        Debtor. | Case No.: 2:17-bk-11788-SK<br><br>Chapter 7<br><br>**UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION SEEKING DISGORGEMENT OF COMPENSATION FROM ATTORNEY RANDOLPH R. RAMIREZ; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request For Judicial Notice in Support Thereof Filed Concurrently Herewith]<br><br>Hearing Date:  April 19, 2017<br>Time             9:00 a.m.<br>Place            Courtroom 1575<br>                     255 E. Temple St.<br>                     Los Angeles, CA 90017 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, DEBTOR'S COUNSEL, AND ALL PARTIES IN INTEREST:**

1      PLEASE TAKE NOTICE THAT, on April 19, 2017 at 9:00 a.m., or as soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the Central District of California ("U.S. Trustee"), through the undersigned attorney, will and hereby does move the Court for an Order disgorging compensation received by debtor's counsel, Randolph R. Ramirez ("Counsel") in connection with the above-entitled case. This motion is brought pursuant to 11 U.S.C. § 329 and Rule 9020 of the Federal Rules of Bankruptcy Procedure on the grounds that counsel's fees exceeded the reasonable value of the services rendered in this case.

     This request is made pursuant to the supervisory duties of the U.S. Trustee as set forth in 28 U.S.C. § 586(a)(3).

     If you wish to oppose or respond to this Motion, you must file a written response with the Clerk of the United States Bankruptcy Court at Edward R. Roybal Building and Courthouse, 255 E. Temple Street, Room 940, Los Angeles, CA 90012, and serve a copy of it on the United States Trustee at the address set forth above, no less than 14 days prior to the above hearing date. If you fail to file a response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

     This Motion is also based on this notice, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, all papers, pleadings and files of record, and such evidence as the Court might receive at the time of the hearing on the Motion.

DATED: February 28, 2017

                                             Respectfully submitted,

                                             PETER C. ANDERSON
                                             UNITED STATES TRUSTEE

                                             By: /s/ KELLY L. MORRISON
                                                   KELLY L. MORRISON
                                                   Trial Attorney

## STATEMENT OF FACTS

On February 14, 2017, Allan Miro (the "Debtor") filed a chapter 7 bankruptcy case ("Bankruptcy Case") in the Central District of California, Los Angeles Division, assigned case number 2:17-bk-11788-SK.[1] Filed along with the petition was a Disclosure of Compensation of Attorney for Debtor (the "Disclosure") signed by attorney Counsel.[2] The Disclosure states that Counsel agreed to accept $800 for legal services, which included the preparation and filing of the petition and schedules, and representation of the Debtor at his meeting of creditors held pursuant to 11 U.S.C. § 341(a) ("§ 341(a) meeting").[3]

That same date, on February 14, 2017, the Court issued a Notice of Dismissal if Required Documents are Not Filed Or Signed (the "Notice of Dismissal").[4] According to the Notice of Dismissal, Counsel had failed to submit a Declaration re: Electronic Filing which is required by Local Bankruptcy Rule ("LBR") 1006-1(h).[5] According to the Notice of Dismissal, "the debtor and/or debtor's attorney must submit the above stated documents and/or information within 72

---

[1] See Case Docket for In re Allan Miro, case no. 2:17-bk-11788-SK ("Case Docket") and Voluntary Petition attached to the U.S. Trustee's Request for Judicial Notice ("RJN") as Exhibits 1 and 2 and filed concurrently with this Motion.
The U.S. Trustee respectfully requests that the Court take judicial notice of Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by the Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

[2] See Disclosure filed in In re Allan Miro, case no. 2:17-bk-11788-SK attached to the RJN as Exhibit 5.

[3] Id.

[4] See Case Docket for In re Allan Miro, case no. 2:17-bk-11788-SK attached to the U.S. Trustee's RJN as Exhibit 1. See also Notice of Dismissal of Case if Required Documents are Not Filed or Signed attached to the RJN as Exhibit 3.

[5] See Notice of Dismissal of Case if Required Documents are Not Filed or Signed attached to the RJN as Exhibit 3.

1  hours from the date of this notice or the case will be dismissed without further notice by the
2  Court."[6]

3  Counsel did not file the Declaration re: Electronic Filing.[7]

4  On February 24, 2017, the Court dismissed the Bankruptcy Case.[8]

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 329 of the Bankruptcy Code provides that if an attorney's representation of a debtor "exceeds the reasonable value of any such services, the court may cancel any such agreement, or order any such payment, to the extent excessive, to the estate, if the property would have been property of the estate; or …the entity that made such payment." 11 U.S.C. § 329(b). In determining the reasonable amount of compensation to be awarded to a chapter 7 debtor's attorney, "the court shall consider the nature, the extent, and the value of … services" in relation to the following factors:

(A) The time spent on such services;

(B) The rates charged for such services;

(C) Whether the services were necessary to the administration of, or beneficial at the time at which service was rendered toward the completion of, a case under this title;

(D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

---

[6] Id.

[7] See Case Docket for In re Allan Miro, case no. 2:17-bk-11788-SK attached to the U.S. Trustee's RJN as Exhibit 1.

[8] Id. See also Order and Notice of Dismissal for Failure to File Initial Petition Documents entered in In re Allan Miro, case no. 2:17-bk-11788-SK attached to the U.S. Trustee's RJN as Exhibit 4.

   (F) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). In addition to the factors above, the quality of representation should be considered in determining the reasonableness of an attorney's fee. *See e.g., In re Mills*, 170 B.R. 404, 409 (Bankr.D.Ariz. 1994); *In re Wright*, 48 B.R. 172 (Bankr. E.D.N.C. 1985) (all fees ordered disgorged where counsel failed to properly represent the debtors in their chapter 7 case); *In re Grant*, 14 B.R. 567, 569 (Bankr.S.D.N.Y. 1981)(where attorney fails to perform competently and efficiently those legal services for which a debtor has contracted, it is appropriate for the court to review the compensation arrangement and order all fees be returned to the debtor in a no-asset chapter 7 case).

  Further, Ninth Circuit case law holds that it is appropriate for the bankruptcy court to order the return of fees to debtors when the fees are unreasonable and where debtor's counsel fails to provide competent and complete representation. *See Hale v. U.S. Trustee*, 509 F.3d 1139, 1148 (9th Cir. 2007); see also *In re Basham*, 208 B.R. 926, 933 (9th Cir. B.A.P. 1997).

  In our present case, the services provided by Counsel were incomplete and provided little benefit to the Debtor. Even after receiving a deficiency notice from the Court, all the required documents were not filed within the requisite 72 hour period, rendering the bankruptcy filing to be incomplete and providing cause to dismiss the Debtor's case. The Debtor paid $800, believing that for this amount he would receive properly prepared bankruptcy documents and representation at the § 341(a) meeting. Counsel failed to perform all the services for which the Debtor contracted and paid. Plainly, the $800 the Debtor paid exceeds the reasonable value of the services performed.

  Based on the foregoing, the U.S. Trustee believes that there is cause for the Court to order disgorgement of the fees collected from the Debtor by Counsel for the failure to represent the Debtor competently.

///

///

| | |
|---|---|
| 1 | **CONCLUSION** |
| 2 | For the foregoing reasons, the U.S. Trustee requests that this Court order that Counsel |
| 3 | disgorge all of Counsel's fees for this Bankruptcy Case to the Debtor, and for such other and |
| 4 | further relief as the Court deems appropriate. |
| 5 | Respectfully Submitted, |
| 6 | DATE: February 28, 2017        UNITED STATES TRUSTEE |
| 7 | |
| 8 | By: /s/ KELLY L. MORRISON |
| | Trial Attorney |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017-1574**

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION SEEKING DISGORGEMENT OF COMPENSATION FROM ATTORNEY RANDOLPH R. RAMIREZ** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 28, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **February 28, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 28, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 28, 2017 | Stephanie Hill | /s/ Stephanie Hill |
|---|---|---|
| Date | Print Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

    John J Menchaca (TR), trustee, jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
    Randolph R RAMIREZ, debtor's counsel, Randolph.Ramirez@yourlegalneeds.net
    United States Trustee (LA), UST, ustpregion16.la.ecf@usdoj.gov

    *SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**

    **Debtor**
    Allan Miro
    10001 W. Frontage Road Space #54
    South Gate, CA 90280

3. **SERVED BY FEDERAL EXPRESS OVERNIGHT MAIL** (Pursuant to the UST's agreement with the Bankruptcy Judge's Courtesy Copy was mailed Federal Express overnight mail to the following address.)

    Judge's Copy
    Honorable Sandra R. Klein
    U.S. Bankruptcy Court
    255 E. Temple Street, Room 940
    Los Angeles, CA 90012
    Attn: Mail Room Clerk-Judges Copies

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE